## UNITED STATES DISTRICT COURT
### For the
## NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CASE NO: 1:19-CR-000148-JG-2 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES GWIN |
| | ) | |
| vs. | ) | |
| | ) | |
| ERIC LOUIE HOGAN | ) | **MOTION TO ORDER GOVERNMENT** |
| | ) | **TO IDENTIFY CO-CONSPIRATOR** |
| | ) | **STATEMENTS IT INTENDS TO** |
| Defendants. | ) | **OFFER AS TRIAL EVIDENCE** |
| | ) | |

    Now comes defendant by and through undersigned counsel and motions this Court, to issue an order that the government identify which portions of alleged co-conspirator statements it intends to introduce at trial and the evidentiary basis for admissibility. Without advance notice of the particular statements, defendant cannot challenge their accuracy or admissibility in advance of trial. A memorandum in support of this Motion follows.

    Despite this the filing of this motion, defendant continues to maintain that additional time is necessary to evaluate the government's discovery and to prepare any necessary pretrial motions. The filing of this motion should not be construed as a waiver of defendant's motion for extension of time for pretrial motions.

Dated: June 5, 2019                    Respectfully Submitted,

                                            /s/ Joseph R. Klammer
                                            JOSEPH R. KLAMMER, #0068831
                                            Attorney for Defendant
                                            The Klammer Law Office, LTD.
                                            The Historic Mentor Center Street School
                                            7482 Center Street, Unit 6
                                            Mentor, Ohio 44060
                                            O: 440.974.8484
                                            F: 440.255.6112
                                            jrklammer@klammerlaw.com
                                            *Attorneys for Defendant-Hogan*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the _5_, of ___June__ 2019 a copy of the foregoing was sent via the Clerk of Court's electronic CM/ECF system for filing and transmittal of Notice of Electronic Filing to the following:

All parties.

                                              _____s/Joseph R. Klammer____
                                              JOSEPH R. KLAMMER, #0068831
                                              Attorney for Defendant

## **MEMORANDUM**

Rule 801(d)(2)(E) of the Federal Rules of Evidence provides that "a statement by a coconspirator of a party during the course and in furtherance of the conspiracy "is not hearsay. In order for a statement to be admitted under Rule 801(d)(2)(E), the offering party must prove by a preponderance of the evidence that the conspiracy existed, that the defendant was a member of the conspiracy, and that the coconspirator's statements were made in furtherance of the conspiracy. *United States v. Young*, 553 F.3d 1035, 1045 (6th Cir.2009). The statements must be corroborated by independent evidence. Here the government is duty bound to make this offer of proof. Requiring that evidence in advance of trial is more efficient. It not only allows the defense to appropriately prepare and to brief any issues, but ensures the trial moves quickly so as to respect the time of the jurors.

Moreover, although the rule does not require that both parties be coconspirators; it does require that "the statement to be 'offered against a party' and be made by 'a coconspirator of a party during the course and in furtherance of the conspiracy.' " *United States v. Culberson*, Nos. 07–2390, 07–2425, 2009 U.S.App. LEXIS 6384, 2009 WL 776106, at *4 (6th Cir. Mar.24, 2009) (unpublished). A conspiracy is terminated when its "central criminal purposes" have been accomplished. *Grunewald v. United States*, 353 U.S. 391, 401-02 (1957); accord *United States v. Papia*, 560 F.2d 827, 835 (7th Cir. 1977). Moreover, "[M]erely narrative declarations" by a coconspirator concerning conspiracy activities or culpability are not considered to be in furtherance of the conspiracy. *United States v. Fielding*, 645 F.2d 719, 726 (9th Cir. 1981) (per curiam); see *United States v. Phillips*, 664 F.2d 971, 1027 (5th Cir. 1981) ("mere idle conversation is not admissible"), cert. denied, 457 U.S. 1136 (1982); *United States v. Lieberman*, 637 F.2d 95, 102-03 (2d Cir. 1980) ("idle chatter" not in furtherance of the conspiracy).

Here, there are few if any statements that would seem during the course of the conspiracy, but the government may see things differently. Hence, it should be ordered to identify what it believes is evidence admissible as co-conspirator statements. Moreover, there are communications that would seem subsequent to any conspiracy that are identified in the indictment. For instance at paragraph 138, defendant-Clark allegedly states in an email that he had paid "bribe money" defendant-Latham so that Hogan could secure contracts. Obviously Hogan denies any such bribe. It seems that Latham also denies any such bribe. Hence, it is a

statement of any alleged bribe by a co-defendant that was apparently made after the purpose of any bribe conspiracy had ended.

Without knowing specifically what statements the government proposes to introduce as admissible hearsay, the defense cannot challenge the evidence in advance of trial.  Requiring the government to identify the statements in advance of trial, is not only more efficient and allows for better decision making by the Court – but it also respects the time of the jurors.  As such, defendant motions the Court to order the government to identify these statements.

                                          Respectfully Submitted,

                                          /s/ Joseph R. Klammer
                                          JOSEPH R. KLAMMER, #0068831
                                          Attorney for Defendant
                                          The Klammer Law Office, LTD.
                                          The Historic Mentor Center Street School
                                          7482 Center Street, Unit 6
                                          Mentor, Ohio 44060
                                          O: 440.974.8484
                                          F: 440.255.6112
                                          jrklammer@klammerlaw.com
                                          *Attorneys for Defendant-Hogan*