UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------------
UNITED STATES, :
 : Case No. 1:19-cr-148
    Plaintiff, :
 :
vs. : OPINION & ORDER
 : [Resolving Doc. 131]
JAMES ALLEN CLARK, *et al.*, :
 :
    Defendants. :
------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this case, a seventy-one-count indictment jointly charges the Defendants with conspiring to defraud the government.[1] Joint trial is set for November 2019.[2]

The Government seeks to introduce a text-message conversation between Defendants Hogan and Clark in which they allegedly "attempted to resolve the sharing of proceeds from their conspiracies."[3] Defendant Hogan moves to exclude Clark's statements from this conversation, contending that the statements were not "in furtherance of the conspiracy" and are instead inadmissible under Federal Rule of Evidence 801(d)(2)(E).[4] The Government opposes.[5]

Under Federal Rule of Evidence 801(d)(2)(E), a statement of a co-conspirator made during the course and in furtherance of the conspiracy is not hearsay.[6] To admit such a statement, a district court must find by a preponderance of the evidence that "(1) the conspiracy existed; (2) the defendant was a member of the conspiracy; and (3) the co-

---

[1] Doc. 1.
[2] Doc. 133.
[3] Doc. 1 ¶ 138.
[4] Doc. 131.
[5] Doc. 136.
[6] Fed. R. Evid. 801(d)(2)(E); *United States v. Emuegbunam*, 268 F.3d 377, 395 (6th Cir. 2001).

conspirator made the proffered statements in furtherance of the conspiracy."[7]

In the conversation at issue here, Defendants Hogan and Clark quarrel about whether Clark is indebted to Hogan and when payment will be made.[8] Hogan asks when he can expect to be paid, warning that if he does not receive payment then their bonding company will scrutinize both.[9] The Defendants then proceed to squabble over the benefits they have provided each other during the arguable conspiracy, and Clark references a bribe paid that may have been paid to Latham, another defendant.[10]

At this stage of the litigation, the Court does not anticipate that Defendant Clark's text messages are inadmissible hearsay. The statements appear to be "in furtherance of the conspiracy" because Hogan and Clark exchanged these texts with a view toward keeping the conspiracy concealed.[11] Specifically, the texts appear, at least in part, to discuss avoiding a default that could affect bonding company Hartford and could alert the Government to their illegal indemnification arrangement.

Subject to the United States laying a proper foundation, the Court will therefore allow Clark's statements as admissions of a co-conspirator under Federal Rule of Evidence 801(d)(2)(E).[12] However, if the Government does not establish the proper foundation or if the text exchange is inadmissible on other grounds, Defendants may either object at trial or request a limiting instruction to the jury.

---

[7] *United States v. Warman,* 578 F.3d 320, 335 (6th Cir. 2009); *see Emuegbunam,* 268 F.3d at 395.
[8] Doc. 1 ¶ 138.
[9] *Id.*
[10] *Id.*
[11] *See United States v. Gardiner,* 463 F.3d 445, 463 (6th Cir. 2006) ("[I]n conspiracies where a main objective has not been attained or abandoned and concealment is essential to success of that objective, attempts to conceal the conspiracy are made in furtherance of the conspiracy." (quoting *United States v. Howard,* 770 F.2d 57, 60 (6th Cir.1985))).
[12] The Court notes, without holding, that Clark's statements may be admissible as an adoptive admission under Federal Rule of Evidence 802(d)(2)(B).

Case No. 1:19-cr-148
Gwin, J.

For the foregoing reasons, the Court **DENIES** Defendant's motion in limine.

IT IS SO ORDERED.


Dated: September 16, 2019                    s/         *James S. Gwin*
                                             JAMES S. GWIN
                                             UNITED STATES DISTRICT JUDGE